UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| JASON WARE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:09-CR-31-RLJ-MCLC-4 |
| | ) | | 2:16-CV-53-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1328]. The United States responded in opposition to collateral relief [Doc. 1349]. Also before the Court is Petitioner's pro se request that the Court stay resolution of his petition pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016). For the reasons stated below, both motions will be **DENIED** and the petition **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

In March of 2010, Petitioner pled guilty to conspiring to distribute at least fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) [Doc. 397 ¶¶ 1, 3, 4; Doc. 443]. In his plea agreement, Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," with the sole exception of "claims of ineffective assistance of counsel or prosecutorial misconduct" [Doc. 397 ¶ 15(b)].

Based on prior Tennessee and Georgia drug convictions, Petitioner faced a statutorily enhanced mandatory minimum penalty of life imprisonment under § 841(b)(1)(A) [*Id.* ¶ 1(a); Doc. 325]. Additionally, based on the prior Georgia drug conviction and a prior Georgia

conviction for kidnapping and aggravated assault, he was deemed a career offender under Section 4B1.1 of the United States Sentencing Guidelines with a resulting guideline range of 262 to 327 months' imprisonment [Presentence Investigation Report ("PSR") ¶¶ 47, 71, 72, 102–03]. As a result of Petitioner's substantial assistance to law-enforcement officials, the United States requested a downward departure under 18 U.S.C. § 3553(a) and Section 5K1.1 [Doc. 975]. In consideration of that motion, the Court departed from the statutory minimum term of life imprisonment, sentencing Petitioner to a bottom-of-the-guidelines 262-month term of incarceration followed by ten years supervised release [Doc. 1104]. No appeal was taken.

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). Within a year of that decision, on March 17, 2016, Petitioner filed the instant challenge to his career offender designation in light of *Johnson* [Doc. 1328].

## II.  MOTION TO STAY RESOLUTION OF THE PETITION

In addition to his request for collateral relief, Petitioner asks that the Court stay resolution of his petition pending the Supreme Court's decision next term in Beckles [Doc. 1360]. As support for his request, Petitioner notes that the decision is expected to address a key issue in his case—retroactive application of Johnson in the Guideline context [*Id.* at 2].

"The question whether to stay a case pending a potentially dispositive decision in an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). Under the circumstances of the current case, and because Petitioner has failed to demonstrate that *Johnson*'s retroactive application would convert his sentence into one imposed in contravention of the laws of the United States, the Court decline to issue the requested stay.

## III.  STANDARD OF REVIEW

2

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner attacks his sentence by arguing that *Johnson*—in which the United States Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague—precludes his continued categorization as a career offender [Doc. 1328 (implying that *Johnson*'s holding extends to identical provisions of the Guidelines and, as a result, his prior convictions no longer qualify as career-offender predicates)].[1] The Court finds that it need not address whether the petition is timely because, even assuming the Court were to find that *Johnson*'s application in the Guideline context triggered a renewed window under § 2255(f)(3), *see* 28 U.S.C. § 2255(f)(3)

---

[1] The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 1335 pp. 11–12]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 397 ¶ 15(b)], it is far from clear that this waiver can be enforced to bar him from challenging his sentence under the circumstances. *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the law.

3

(providing an alternative commencement from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), Petitioner's proposed claim would fail as a matter of law.

### A. Categorization as Career Offender after *Johnson v. United States*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit recently held that the same vagueness analysis renders the Guidelines' parallel residual clause constitutionally infirm. *See United States v. Pawlak*, 822 F.3d 902, 911 (2016) (concluding that the "rationale of *Johnson* applies equally" to the Guidelines' residual clause).

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 29].

4

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under an unaffected provision of Section 4B1.2 or "controlled substance offenses." *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to § 2255 collateral relief.

First, petitioner's prior Georgia drug conviction involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration [PSR ¶ 71], and, as a result, was properly classified as qualifying predicate

5

conviction under Section 4B1.1(a)(3). *See United States v. Wilson*, 166 F. App'x 420, 421–22 (11th Cir. 2006) (finding that a violation of the same Georgia statute involved in Petitioner's prior drug conviction was categorically a controlled substance offense); *see also United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses). Second, his Georgia conviction for kidnapping and aggravated assault operates as the second and final predicate offense because the conviction qualifies as a "crime of violence" under the use-of-physical force clause. *See* U.S. Sentencing Manual § 4B1.2, cmt. n. 1 (specifically listing "kidnapping" and "aggravated assault" as enumerated crimes of violence); *see also United States v. Smith*, 417 F. App'x 911, 917 (11th Cir. 2011) (finding Georgia's variant of aggravated assault qualified as a predicate crime of violence under Section 4B1.2(a)(1)'s use-of-physical-force prong). Thus, *Johnson* is inapposite.[2]

## IV. CONCLUSION

For the reasons discussed above, Petitioner's request that the Court stay proceedings pending *Beckles* [Doc. 1360] is **DENIED**. His § 2255 motion [Doc. 1328] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will

---

[2] To the extent that Petitioner argues his attorney rendered constitutionally deficient assistance by failing to challenge use of the Georgia conviction for kidnapping and aggravated burglary in anticipation of the Supreme Court's holding in *Johnson*, the Court disagrees. First, counsel's failure to predict the subsequent change in case law cannot be said to amount to deficient representation under the circumstances, *see Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting that non-egregious "errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel"), and, second, Petitioner has failed to demonstrate that prejudice resulted from counsel's failure to mount the proposed objection, *see Conley v. Warden Chillicothe Corr. Inst.*, 505 F. App'x 501, 508 (6th Cir. 2012) (noting that counsel is not ineffective for failing to raise meritless objections).

6

**DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

  **AN APPROPRIATE ORDER WILL ENTER.**

                 s/ Leon Jordan
                 United States District Judge