UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-031 |
| | ) | |
| JASON WARE | ) | |

**MEMORANDUM AND ORDER**

Now before the Court are the defendant's *pro se* motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [docs. 1529, 1544] and their supplements [docs. 1545, 1547, 1554, 1555, 1557, 1559, 1562, 1572]. The United States has responded in opposition to the motions. [Docs. 1543, 1566, 1570]. The defendant has not submitted a reply within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motions will be denied.

## I. BACKGROUND

In September 2011, this Court sentenced the defendant, to a 262-month term of imprisonment for conspiring to distribute and possess with the intent to distribute cocaine base. In November 2019, the Court reduced the defendant's prison sentence to 188 months pursuant to the First Step Act of 2018 and the Fair Sentencing Act of 2010. The defendant is presently housed at FCI Forrest City Medium with a scheduled release date of November 27, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 3, 2020).

As noted, the defendant moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act. In support, he cites his purported borderline diabetes, chest pain, high blood pressure, and the current COVID-19 pandemic.

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*,

*United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id.* (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, "[b]ased on its consultation with the Bureau of Prisons, the United States now waives enforcement of the exhaustion provision, thereby allowing this Court to

consider the substance of Ware's motions, although Ware has not proven that he satisfied that requirement." [Doc. 1566, p. 2]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 833.

## B. Merits

### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

In support of his request for compassionate release, the defendant has submitted copies of prescription labels to support his diagnosis of high blood pressure. [Doc. 1544, ex. 1; doc. 1562]. Additionally, the United States has submitted nine pages of BOP medical

4

records. [Doc. 1570]. In light of those records, the United States concedes that "[t]his Court could thus find that Ware's obesity constitutes an 'extraordinary and compelling reason'" for compassionate release, when considered in tandem with his high blood pressure and the COVID-19 pandemic. [Doc. 1566, p.12].

Due to the United States' concession, the Court will presume (without deciding) solely for the purpose of the instant motions that the defendant has demonstrated an extraordinary and compelling reason under U.S.S.G. § 1B1.13. The Court will proceed to the remaining required steps of its compassionate release analysis, that being consideration of the relevant factors found in 18 U.S.C. §§ 3142(g) and 3553(a).

### 2. Danger to Any Other Person or to the Community

Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

5

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's PSR. Having done so, the Court is unable to find that the defendant would not pose a danger to the safety of another person or the community if released. For that reason, his motion must be denied.

In the instant conspiracy, the defendant was admittedly responsible for distributing a substantial amount of cocaine base (at least 1.5 to 4.5 kilograms). [PSR, ¶ 24]. He also conspired with certain codefendants "in committing multiple home invasions" of other drug dealers. [*Id.*, ¶ 34]. There, "the defendant and his co-conspirators dressed as police officers, raided their homes and stole all of the drugs or cash available." [*Id.*].

The defendant's criminal history began at age 13. [*Id.*, ¶ 53]. By age 14, there were at least seven convictions pertaining to controlled substances. [*Id.*, ¶¶ 55-60, 65]. There are numerous drug charges and convictions as an adult. [*Id.*, ¶¶ 71, 74, 75, 89]. At age 20 he was convicted of battery. [*Id.*, ¶ 69]. At age 24, he was convicted of battery and two counts of aggravated assault for striking a woman in the head with a gun, shooting at a

victim, and hitting a woman with his hands and fists. [*Id.*, ¶ 72]. On four other occasions, the defendant has been charged with violent or firearms-related offenses. [*Id.*, ¶¶ 85-86, 88, 90]. There have been multiple violations of probation. [*Id.*, ¶¶ 67-68, 74-75, 79]. There were 16 countable criminal history points in this case and the defendant was sentenced as a career offender. [*Id.*, ¶ 80]. The defendant first used controlled substances at age ten and continued to use them until the date of his arrest in this case. [*Id.*, ¶ 97].

Two recurring themes are apparent—substance abuse and violence. When the Court granted the defendant's First Step Act motion on November 27, 2019, it did so despite the defendant's July 2018 BOP disciplinary sanction for use of drugs or alcohol. [Doc. 1497, p. 8]. In reviewing the file of the instant motion, the Court was most disappointed to learn that the defendant's updated BOP SENTRY report lists an additional disciplinary sanction, for fighting with another person in November 2019. The defendant now claims that he was merely restraining the other person in self-defense [doc. 1545, p. 2], but the punishment received (including the loss of 27 days of good time credit and one month of commissary privileges) leads the Court to conclude that the defendant's culpability was more than he now admits.

In this case the defendant was sentenced for a crime involving drugs and violence. His background features those same issues. The BOP disciplinary record from the last two years indicates that those problems have not been fully resolved. The Court accordingly cannot find that the defendant would not pose a danger to the safety of another person or the community if released at this time. His motions must therefore be denied.

### 3. Section 3553(a) Factors

The facts underlying a review of the 18 U.S.C. 3553(a) factors in this case are essentially the same as those considered in the preceding section of this memorandum. The requested sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). For these additional reasons, the defendant's motions must be denied.

## III. CONCLUSION

As provided herein, the defendant's motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [docs. 1529, 1544] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

8
Case 2:09-cr-00031-RLJ-MCLC   Document 1575   Filed 08/06/20   Page 8 of 8   PageID #: 6275