UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:09-CR-031 |
| | ) | |
| JASON WARE | ) | |

### MEMORANDUM AND ORDER

Now before the Court is the defendant's August 13, 2021 *pro se* motion. [Doc. 1616]. Therein, the defendant asks to be released from prison due to unspecified "real bad health problems," the COVID-19 pandemic, and his desire to be with his family.

The defendant cites no statutory other legal authority in support of his request. In deference to the defendant's *pro se* status, the Court construes his filing as a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

The Court finds that no response from the United States is necessary. For the reasons that follow, the defendant's renewed motion will be denied.

### I. BACKGROUND

In September 2011, this Court sentenced the defendant to a 262-month term of imprisonment for conspiring to distribute and possess with the intent to distribute cocaine base. In November 2019, the Court reduced the defendant's prison sentence to 188 months pursuant to the First Step Act of 2018 and the Fair Sentencing Act of 2010. The defendant is presently housed at FCI Forrest City Medium with a scheduled release date of December 26, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 27, 2021).

In his prior motions, the defendant sought immediate compassionate release due to purported borderline diabetes, chest pain, high blood pressure, and the COVID-19 pandemic. [Docs. 1529, 1544]. In its memorandum and order entered August 6, 2020, the Court presumed without deciding that the defendant had shown extraordinary and compelling grounds for compassionate release. [Doc. 1575]. The Court nonetheless denied the motions, concluding in relevant part that the defendant's release would not be consistent with the 18 U.S.C. § 3553(a) factors. [*Id.*].

The defendant appealed. [Doc. 1578]. On March 12, 2021, the Sixth Circuit Court of Appeals affirmed this Court's ruling. [Doc. 1600]. The Sixth Circuit specifically held that this Court did not abuse its discretion in deciding that the 3553(a) factors did not warrant relief. [*Id.*]. That point, the Sixth Circuit stated, "was independently sufficient to support [this Court's] decision." [*Id.*].

## II. DISCUSSION

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides that

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to move for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. When the undersigned denied the defendant's prior motions in August 2020, district courts in this circuit regularly turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" warranting a sentence reduction. However, as of November 20, 2020, courts are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See Jones*, 980 F.3d at 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[1]

In *Jones*, the Sixth Circuit observed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." 980 F.3d at 1114. Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny compassionate-release motions when any of the three prerequisites listed in §

---
[1] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

## A. Exhaustion

In its prior response brief, the United States conceded that, "[b]ased on its consultation with the Bureau of Prisons, the United States now waives enforcement of the exhaustion provision, thereby allowing this Court to consider the substance of Ware's motions, although Ware has not proven that he satisfied that requirement." [Doc. 1566, p. 2]. In light of that prior concession, the Court finds that it has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 833.

## B. Merits

In discussing the 18 U.S.C. §§ 3553(a) and 3142(g) factors in its prior ruling, the Court stated,

> In the instant conspiracy, the defendant was admittedly responsible for distributing a substantial amount of cocaine base (at least 1.5 to 4.5 kilograms). [PSR, ¶ 24]. He also conspired with certain codefendants "in committing multiple home invasions" of other drug dealers. [*Id.*, ¶ 34]. There, "the defendant and his co-conspirators dressed as police officers, raided their homes and stole all of the drugs or cash available." [*Id.*].
>
> The defendant's criminal history began at age 13. [*Id.*, ¶ 53]. By age 14, there were at least seven convictions pertaining to controlled substances. [*Id.*, ¶¶ 55-60, 65]. There are numerous drug charges and convictions as an adult. [*Id.*, ¶¶ 71, 74, 75, 89]. At age 20 he was convicted of battery. [*Id.*, ¶ 69]. At age 24, he was convicted of battery and two counts of aggravated assault for striking a woman in the head with a gun, shooting at a victim, and hitting a woman with his hands and fists. [*Id.*, ¶ 72]. On four other occasions, the defendant has been charged with violent or firearms-related offenses. [*Id.*, ¶¶ 85-86, 88, 90]. There have been multiple violations of probation. [*Id.*, ¶¶ 67-68, 74-75, 79]. There were 16 countable criminal history points in this case and the defendant was sentenced as a career offender. [*Id.*, ¶ 80]. The defendant first used controlled substances at age ten and continued to use them until the date of his arrest in this case. [*Id.*, ¶ 97].

> Two recurring themes are apparent—substance abuse and violence. When the Court granted the defendant's First Step Act motion on November 27, 2019, it did so despite the defendant's July 2018 BOP disciplinary sanction for use of drugs or alcohol. [Doc. 1497, p. 8]. In reviewing the file of the instant motion, the Court was most disappointed to learn that the defendant's updated BOP SENTRY report lists an additional disciplinary sanction, for fighting with another person in November 2019. The defendant now claims that he was merely restraining the other person in self-defense [doc. 1545, p. 2], but the punishment received (including the loss of 27 days of good time credit and one month of commissary privileges) leads the Court to conclude that the defendant's culpability was more than he now admits.
>
> In this case the defendant was sentenced for a crime involving drugs and violence. His background features those same issues. The BOP disciplinary record from the last two years indicates that those problems have not been fully resolved.

[Doc. 1575, p. 6-7]. The Court accordingly concluded that the "requested sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). For these additional reasons, the defendant's motions must be denied." [Doc. 1575, p. 8]. As noted, the Sixth Circuit affirmed this Court on that basis.

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. The instant motion, which references only the defendant's health, the COVID-19 pandemic, and a desire to be with his family, offers no new grounds which would impact the Court's prior analysis of the 18 U.S.C. § 3353(a) factors. For that reason alone, his renewed motion must be denied. *Id.*

5

## III.  CONCLUSION

As provided herein, the defendant's renewed motion for compassionate release [doc. 1616] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge